IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKA CHRISTINA ALFARO,

              Plaintiff,                    No. CIV S-06-1783 DFL EFB PS

    vs.

ANDERSON BURNEY,

              Defendant.             <u>ORDER</u>

_____/

         Plaintiff, proceeding in pro se, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter was referred to this court pursuant to Local Rule 72-302(c)(21).  The court concludes that the application is defective for two reasons.

         First, plaintiff has submitted an incomplete affidavit in support of her application to proceed *in forma pauperis*.  She did not fully answer question number 2b, which requires her to state the name and address of her last employer and the amount of her take-home salary or wages and pay period.  She also failed to respond fully to and question number 3 regarding income sources.  Although she states generally that she receives money from "disability or workers compensation payments" and "gifts or inheritances," she failed to describe specifically each source of money and the amount received and the amount she expects to continue receiving.

1

1  Plaintiff's incomplete application fails to fully inform the court whether she is

2  unable to prepay fees and costs or give security for them, and therefore fails to meets the

3  requirements of 28 U.S.C. § 1915(a).

4  Accordingly, plaintiff's application is denied without prejudice.  Within thirty

5  days of service of this order, plaintiff may file a complete application for this court's further

6  consideration.

7  Secondly, plaintiff has yet to establish a basis for jurisdiction.  The determination

8  whether plaintiff may proceed *in forma pauperis* does not complete the required inquiry.

9  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it

10  determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

11  state a claim on which relief may be granted, or seeks monetary relief against an immune

12  defendant.

13  A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams*,

14  490 U.S. 319, 325 (1989);  *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984);

15  *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

16  A complaint, or portion thereof, fails to state a claim if it appears beyond doubt

17  there is no set of supporting facts entitling plaintiff to relief.  *Hishon v. King & Spalding*, 467

18  U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Palmer v. Roosevelt

19  Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

20  this standard, the court must accept as true its allegations, *Hospital Bldg. Co. v. Rex Hosp.

21  Trustees*, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and

22  resolve all doubts in plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

23  Although pro se pleadings are to be liberally construed*, Haines v. Kerner*, 404

24  U.S. 519, 520-21 (1972), the court cannot determine whether the complaint is frivolous or can be

25  ////

26  ////

2

amended to state a claim, because it does not comply with Fed. R. Civ. P. 8.[1]  Rule 8 sets forth

general rules of pleading for the Federal Courts.  Rule 8(a) requires complaints to include: (1)

the grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim

showing entitlement to relief; and (3) a demand for relief.  The complaint does not meet any of

these requirements.

The court is unable to determine a jurisdictional basis for this action.  A federal

court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the

Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and

"diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint

(1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within

the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute

that both regulates a specific subject matter and confers federal jurisdiction.  *Baker v. Carr*, 369

U.S. 186, 198 (1962).  A case presumably lies outside the jurisdiction of the federal courts unless

demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of subject matter jurisdiction may

be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer*

*Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The complaint makes no reference to federal law or a federal right, and does not

assert diversity jurisdiction.  "A party invoking the federal court's jurisdiction has the burden of

proving the actual existence of subject matter jurisdiction."  *Thompson v. McCombe*, 99 F.3d

352, 353 (9th Cir. 1996).  Plaintiff has failed to meet this burden.

The documents that plaintiff has filed subsequent to her filing of the complaint

offer no help in discerning the nature and basis for her claims or a basis for this court's

jurisdiction.  In a declaration filed September 5, 2006, plaintiff appears to be asking for a divorce

---

[1]  Neither does it comply with Fed. R. Civ. P. 10, governing the form of pleadings.

1   from defendant and asking the court if defendant "could be arrested."  On September 12, 2006,

2   plaintiff filed another declaration, again asking for a divorce from defendant and for the court to

3   issue a permanent restraining order against defendant.  Plaintiff attaches to this declaration

4   numerous documents, including an application to proceed *in forma pauperis* in the Superior

5   Court of California for Sacramento County.  Plaintiff filed another declaration on September 12,

6   2006, with ninety-three pages of attachments, most of which consist of state court forms relating

7   to domestic relations matters and temporary restraining orders.  The declaration itself appears to

8   relate to a state court hearing plaintiff failed to attend.  Finally, on September 18, 2006, plaintiff

9   attempted to file an "amended complaint" on state court forms, again asking for a restraining

10  order against defendant due to his alleged conduct toward plaintiff's children.

11          This court is without jurisdiction to grant plaintiff a divorce.  The domestic

12  relations exception to federal jurisdiction "divests the federal courts of power to issue divorce,

13  alimony and child custody decrees."  *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)

14  (explaining domestic relations exception to diversity jurisdiction).  "Even when a federal

15  question is presented, federal courts decline to hear disputes which would deeply involve them in

16  adjudicating domestic matters."  *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986);

17  *Tree Top v. Smith*, 577 F.2d 519, 521 (9th Cir. 1978) (declining to exercise jurisdiction over

18  habeas petition seeking custody of child who had been adopted by others).  In this circuit, federal

19  courts refuse jurisdiction if the primary issue concerns child custody issues or the status of parent

20  and child or husband and wife.  *Coats v. Woods*, 819 F.2d 236 (9th Cir. 1987); *Csibi v. Fustos*,

21  670 F.2d 134, 136-37 (9th Cir. 1982).  Accordingly, to the extent plaintiff's claims relate to

22  domestic relations, including divorce or custody issues, this court lacks jurisdiction over such

23  matters.

24          In addition to these defects, the complaint states no discernible claim.  Rather,

25  plaintiff has attached approximately seventeen pages to a blank complaint form which appear to

26  relate to another action plaintiff has filed against U.S. Bank.  It is not the function of the court to

4

peruse exhibits and frame plaintiff's cause of action for her, nor would it be proper to do so. Although plaintiff appears to be requesting a restraining order and a divorce, she has not set forth any cognizable federal claim or other basis for jurisdiction.  The complaint must therefore be dismissed.  However, consistent with the court's liberal construction of pro se pleadings, the court will grant leave to file an amended complaint within thirty days of service of this order.

Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed *in forma pauperis* is denied;

2.  Plaintiff's complaint is dismissed;

3.  Plaintiff is granted thirty days from the date of service of this order to file both a complete application to proceed *in forma pauperis* and an amended complaint that establishes this court's subject matter jurisdiction;  the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" plaintiff must file an original and two copies of the amended complaint; and

////
////
////
////

5

1        4.  Failure to file either a complete *in forma pauperis* application or an amended

2  complaint in accordance with this order will result in a recommendation that this action be

3  dismissed.

4  DATED: September 25, 2006.

5

6                                            EDMUND F. BRENNAN
                                             UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26